[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos.12-11717 & 12-12136
_____

D.C. Docket No.  8:10-cv-02049-RAL-AEP

INTERNATIONAL SHIP REPAIR & MARINE SERVICES, INC.,

Plaintiff-Appellee,

versus

NORTHERN ASSURANCE COMPANY OF AMERICA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(January 3, 2013)

Before WILSON and COX, Circuit Judges, and VINSON,[*] District Judge.

PER CURIAM:

_____

[*] Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

Northern Assurance Company of America appeals the district court's judgment in favor of International Ship Repair & Marine Services, Inc.  The plaintiff, International Ship, sought a declaration that Northern Assurance was required to defend International Ship in a wrongful death action and pay damages for Northern Assurance's failure to defend, and to pay damages for failure to indemnify International Ship for the settlement in the wrongful death action.  The jury found in favor of International Ship and awarded it over $1 million dollars.

On appeal, Northern Assurance argues (1) that the district court erroneously refused to allow it leave to amend its second amended answer after the scheduling order deadline had passed and (2) that the court improperly denied Northern Assurance's motion to stay proceedings pending the resolution of a related action in the Eastern District of Virginia.  After careful review and the benefit of oral argument, we affirm.

We review the district court's denial of a request for leave to amend under an abuse of discretion standard.  *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1231 (11th Cir. 2008).  In this case, Northern Assurance sought to add an additional sixteen affirmative defenses to its second amended answer months after the deadline to amend pleadings established by the court's scheduling order had passed.  The court set August 15, 2011, as the deadline to amend all pleadings.  Northern Assurance sought leave to amend on December 30, 2011.  Further, at

2

least most of Northern Assurance's proposed affirmative defenses are based on facts and circumstances that Northern Assurance was aware of before the deadline passed. Thus, we conclude that there was no abuse of discretion in the court's denial of Northern Assurance's request for leave to amend.

Similarly, we review the district court's refusal to grant the motion to stay for an abuse of discretion. *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). Northern Assurance moved to stay the action pending the resolution of an action that Northern Assurance had initiated in the Eastern District of Virginia concerning the validity of the Northern Assurance policy at issue in this case. The district court denied the motion.

In the Virginia action, Northern Assurance sued Advance Technology, Inc. (its insured), seeking rescission of the Northern Assurance policy. The suit alleged that Advance Technology's material misrepresentations caused Northern Assurance to issue a policy naming International Ship as an additional insured, and that Northern Assurance would not have issued the policy had the facts been known.

The plaintiff in this case, International Ship, was not a party to the Virginia action. The motion to stay was grounded on the assertion that a favorable result for Northern Assurance in the Virginia action would preclude recovery by International Ship in this case. Neither Northern Assurance's motion to stay nor

the memorandum of law accompanying it cites any authority to support the assertion that a favorable result for Northern Assurance in the Virginia action would preclude recovery by International Ship in this case. And no such authority has been called to our attention on appeal. International Ship was not a party to the Virginia action, its interests were not adequately represented, and it did not have the opportunity to litigate the issues presented in the Virginia action. It is not bound by any judgment rendered in that case. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7, 99 S. Ct. 645, 649 n.7 (1979) ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard."); *Wilson v. Attaway*, 757 F.2d 1227, 1237 (11th Cir. 1985) ("A nonparty to a prior decision cannot be bound by it unless he had sufficient identity of interest with a party that his interests are deemed to have been litigated."). The district court did not abuse its direction in denying the motion to stay.

AFFIRMED.